The defendant appeals from a judgment on a complaint for modification ordering him to pay to his brother's estate a sum that he owed his brother, Tadeusz Cherubin, now deceased. We affirm.
The defendant and his brother moved to the United States in 1963 and 1975, respectively, after being born in Poland. In 1974, the defendant purchased a business, Mike's Garage, and the land on which it was situated, located at 37 Kenoza Avenue in Haverhill. Tadeusz, who could speak and read very little English, worked for the defendant at Mike's Garage upon his migration to the United States. The defendant promised Tadeusz that he would provide money for Tadeusz's retirement.
In 1999, the defendant's wife filed for divorce. As a result, Tadeusz filed a "Complaint in Equity and Petition to Establish and Enforce a Resulting Trust, and Request for Temporary and Permanent Injunctive Relief" wherein Tadeusz sought to have Mike's Garage held in a constructive trust in order to establish a retirement fund. In 2002, the defendant and his wife agreed to sell Mike's Garage and the property as part of their marital agreement. Also in 2002, a Probate and Family Court judge ordered the entry of an equity judgment incorporating a stipulation of the parties (Tadeusz, the defendant, and his wife) which stated the following: "(1) The Defendant Michael Cherubian [sic ] shall pay to the Plaintiff Tadeusz Cherubian [sic ] the sum of seventy-five thousand ($75,000.00) dollars upon the sale of the business known as Mike's Garage and the property located at 37 Kenoza Ave., Haverhill, MA;[2 ](2) All other claims, crossclaims and counterclaims are hereby dismissed with prejudice and without costs." Tadeusz died in 2009 without ever having received the $75,000 owed to him.
Tadeusz's estate brought a complaint for modification in 2014, seeking an order that the defendant either pay the amount he owed or prove that payment had already been made. A bench trial commenced, during which the judge heard conflicting evidence and ultimately concluded that the $75,000 payment remained outstanding. On appeal, the defendant's essential argument is that there was insufficient evidence presented at trial to support the judge's conclusion that the defendant had not paid the $75,000 that Tadeusz was owed.
The defendant did not include the trial transcript in his appeal, nor does he rely on it in his argument. Without it, this panel is hamstrung. The requirement that "a transcript must be submitted to support a claim that the evidence was insufficient is not some hypertechnical requirement, but a reflection of the fact that resolution of such a claim requires the reviewing court to see the entirety of the evidence that was presented." Covell v. Department of Social Servs., 439 Mass. 766, 782 (2003). In the absence of a transcript, the defendant's sufficiency of the evidence argument is precluded. Id. at 782-783.[3]
Judgment entered February 9, 2016, affirmed.

The parties did not specify a date certain at which the money would be conveyed if Mike's Garage or the underlying property was not sold.

The plaintiff's request for appellate attorney's fees is denied.